# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICHAEL E. MCCORKLE,<br>        Appellant, | DOCKET NUMBER<br>SF-0752-15-0828-X-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>        Agency. | DATE: June 9, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hartley D. Alley, Esquire, San Antonio, Texas, for the appellant.

Catherine V. Meek and Philip R. Hsiao, Long Beach, California, for the agency.

Christoph Riddle, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 In a July 13, 2016 compliance initial decision, the administrative judge found the agency in noncompliance with a January 27, 2016 settlement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agreement, which the Board had accepted into the record for purposes of enforcement in a February 8, 2016 initial decision. *McCorkle v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0828-C-1, Compliance File (CF), Tab 15, Compliance Initial Decision (CID); *McCorkle v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0828-I-1, Initial Appeal File (IAF), Tab 68, Tab 71, Initial Decision (ID).

¶2      For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶3      During the pendency of the appellant's underlying appeal, the parties executed a written settlement agreement. IAF, Tab 68. The agreement was entered into the record for enforcement purposes, and the case was dismissed as settled. ID at 1-2. The appellant subsequently filed a petition for enforcement claiming that the agency breached the settlement agreement. CF, Tab 1. On July 13, 2016, the administrative judge issued the compliance initial decision granting the petition for enforcement in part. CID at 8-9.

¶4      In the compliance initial decision, the administrative judge found that the agency had not taken all actions required to be in full compliance with the settlement agreement. CID at 2-9. Specifically, the administrative judge found that the agency had canceled or "released" only part of the debt owed by the appellant, rather than the entire debt, as required by the settlement agreement. CID at 3-8. Accordingly, the administrative judge ordered the agency to provide evidence that it released the debt owed by the appellant as reflected in the December 21, 2015 statement attached to the settlement as Exhibit A for the remaining amount of $2,686.24, as well as any finance charges associated with that amount. CID at 9.

¶5      The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board

a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. *Id.* The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 10-15. Neither party filed a petition for review.

¶6       On September 7, 2016, the agency submitted a statement of compliance with the administrative judge's order and proof that it had canceled the $2,686.24 debt in its entirety. *McCorkle v. U.S. Postal Service*, MSPB Docket No. SF-0752-15-0828-X-1, Compliance Referral File (CRF), Tab 2. The appellant filed a response on October 10, 2016, stating that he "is satisfied that the agency has complied" with the administrative judge's order. CRF, Tab 4 at 4.

## ANALYSIS

¶7       A settlement agreement is a contract, and the appellant, as the non-breaching party, bears the burden to prove "material noncompliance" with a term of the contract. *Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008).

¶8       We find that the agency has now submitted sufficient evidence to establish its compliance with the Board's order. As discussed above, the agency submitted evidence indicating that it canceled the appellant's prior debt of $2,686.24. CRF, Tab 2. The appellant agrees. CRF, Tab 4.

¶9       In light of the agency's evidence of compliance, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.